Hand-Delivered

FILED
CHARLOTTE, NC

APR 21 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

3:26-CV-312-SCR

DIAMOND WALL, individually and as parent and next friend of Z.S., a minor (~~░░░░~~ ~~░░░░░~~ listed as "~~░░░░░░░░~~),

Plaintiffs,

v.

ADVOCATE HEALTH, INC.;

ATRIUM HEALTH, INC.;

ATRIUM HEALTH LEVINE CHILDREN'S HOSPITAL;

KATHLEEN VENANT, individually and in her official capacity as NICU Nursing Manager;

CHAD SCARBORO, individually and in his official capacity as Medical Director;

ALL NICU NURSES, STAFF, AND EMPLOYEES INVOLVED IN THE CARE AND DECISIONS RELATED TO PLAINTIFF;

ALL SUPERVISORY STAFF INCLUDING CHARGE NURSES, HOUSE SUPERVISORS, AND ADMINISTRATIVE PERSONNEL;

JOHN DOE 1–50 (UNKNOWN NICU STAFF AND EMPLOYEES);

JANE DOE 1–50 (UNKNOWN NICU STAFF AND EMPLOYEES);

JOHN DOE SUPERVISORS 1–25;

JANE DOE SUPERVISORS 1–25;

AND ANY OTHER UNKNOWN INDIVIDUALS OR ENTITIES RESPONSIBLE FOR THE CONDUCT DESCRIBED HEREIN,

Defendants.

COMPLAINT AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

I. JURISDICTION AND VENUE

1. This action arises under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibiting discrimination in federally funded programs.

2. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1367.

3. Venue is proper in Mecklenburg County, North Carolina.

II. PARTIES

4. Plaintiff Diamond Wall is the biological mother of ~~[redacted]~~.

5. Minor Plaintiff ~~[redacted]~~ is a NICU patient.

6. Defendants include all named individuals and entities responsible for NICU operations, supervision, and decision-making.

7. All Defendants acted within the scope of employment.

III. FACTUAL ALLEGATIONS

8. ~~[redacted]~~ required life-sustaining NICU care.

9. NICU care requires parental involvement.

10. Plaintiff advocated for her child on April 19, 2026.

11. Plaintiff was subjected to racial discrimination, including being called "monkey."

12. Plaintiff was banned without documentation.

13. Plaintiff requested documentation and was denied.

14. Plaintiff was denied and restricted access and communication. Plaintiff told she can only call twice a day for updates.

15. Plaintiff could not participate in medical decisions.

16. Supervisory and administrative staff failed to intervene or correct the situation.

17. Kathleen Venant failed to intervene and failed to ensure documentation.

18. Chad Scarboro failed to provide oversight and corrective action.

19. Defendants collectively failed to act.

20. The child was deprived of parental presence.

21. This caused harm to bonding, development, and care.

22. Plaintiffs suffered emotional and psychological harm.

## IV. CLAIMS

### COUNT I – TITLE VI DISCRIMINATION

23. Defendants receive federal funding.

24. Plaintiff is in a protected class.

25. Plaintiff was discriminated against.

26. Plaintiff was denied participation in services.

27. Plaintiffs suffered damages.

### COUNT II – TITLE VI RETALIATION

28. Plaintiff engaged in protected activity.

29. Defendants took adverse action.

30. A causal connection exists.

31. Plaintiffs suffered damages.

### COUNT III – NEGLIGENCE

32. Defendants owed a duty of care.

33. Defendants breached that duty.

34. Harm was foreseeable.

35. Plaintiffs suffered harm.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Conduct was extreme and outrageous.

37. Defendants acted intentionally.

38. Plaintiffs suffered severe distress.

## COUNT V – NEGLIGENT SUPERVISION

39. Defendants failed to supervise staff.

40. Failure caused harm.

## V. PRAYER FOR RELIEF

A. Immediate NICU access

B. Restore communication

C. Enjoin ban

D. Compensatory damages

E. Costs and relief

## VI. JURY DEMAND

Plaintiffs demand jury trial.

Respectfully submitted,

Diamond Wall

Email: Lovin.zay6@gmail.com

*Diamond Wall*
*4/21/26*